**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-2401**
_____

RAIMUNDO LUGO,

       Plaintiff - Appellant,

    v.

THE UNITED STATES OF AMERICA,

       Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:11-cv-00416-BO)

_____

Submitted: May 30, 2013            Decided: June 4, 2013

_____

Before SHEDD, DIAZ, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Coy E. Brewer, Jr., COY E. BREWER, JR., ATTORNEY AT LAW, PLLC, Fayetteville, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Shalika K. Shah, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raimundo Lugo appeals the district court's order granting the Government's motion for summary judgment on his complaint filed pursuant to the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b)(1), 2671-2680 (West 2006 & Supp. 2012). In February 2010, Lugo entered the Pines Class Six store, which is owned and operated by the Army Air Force Exchange Service, and slipped and fell on a trickle of water coming from underneath one of the refrigerated coolers. We affirm.

This Court reviews a district court's grant of summary judgment de novo, viewing the facts and drawing reasonable inferences in the light most favorable to the non-moving party. PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To withstand a motion for summary judgment, the non-moving party must produce competent evidence to reveal the existence of a genuine issue of material fact for trial. See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or

2

speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." (internal quotation marks omitted)).

On appeal, Lugo asserts that there is a genuine issue of material fact as to whether the defendant exercised reasonable care in maintaining the premises. Our review of the record leads us to conclude that the district court correctly determined that Lugo's proffered evidence of negligence did not rise above speculative allegations. We therefore conclude that the district court properly granted the Government's motion for summary judgment as to Lugo's claim.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>